UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GAMMAL-LEVY, LLC,

        Plaintiff,

v.

COASTAL COMMUNITY BANK,
AMOS GOAZ, YAIR ALON, and
MICHAEL MALKA,

        Defendants.

Civil Action No. 09-725 (GEB)
**MEMORANDUM OPINION**

**BROWN, Chief Judge**

**I.    Background**

This matter comes before the Court on Defendant Coastal Community Bank's ("Defendant" or "Bank") motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), or alternatively to transfer it to the Northern District of Florida, Panama City Division. (Dkt. No. 5). The Court has considered the parties' submissions and decided the matter without oral argument pursuant to Fed. R. Civ. P. 78. The Court has subject matter jurisdiction pursuant to 32 U.S.C. § 1332.

**A.    Facts**

This case originates from a lease that was entered into between Plaintiff Gammal-Levy, LLC ("Levy") and the individual Defendants sometime in 2006. (Pl.'s Br. at 2). The lease called

1

for the Defendants to pay $256,000.00 per year for ten years for a commercial space located in Beach Haven, New Jersey. (*Id.*) To protect Levy's interests, Levy required that the individual Defendants secure a letter of credit with Levy named as beneficiary to insure payment under the terms of the lease. (*Id.* at 3). On or about January 25, 2008, the Bank issued a letter of credit per the request of applicant Defendant Goaz. (Compl. at ¶¶ 4, 5). The letter of credit required presentment within 1 year of its issuance on January 26, 2008, e.g., the letter was only available for 1 year. (Def.'s Reply Br. at 4). Defendants failed to make the required lease payments, and on January 7, 2009 the Plaintiff presented the letter of credit to the Bank for payment. Upon presentment, the Bank refused to honor payment. (Pl.'s Br. at 3). The letter of credit explicitly provides that "Drafts must be presented at issuer's address shown above [Panama City Beach, Florida] on or before the expiration date," and was indeed presented at this address. (Def.'s Reply Br. at 3).

Plaintiff Levy was the named beneficiary of the letter of credit. (Compl. at ¶¶ 4). The Bank as well as Defendant Amos Goaz are residents of Florida, and the Plaintiff is a New Jersey limited liability company. The letter of credit was issued in Florida, by Defendants in Florida, requiring that presentment occur at the Bank's address in Florida. (Def.'s Br. at 3). The letter of credit did not permit any intermediary banks to participate in the transaction. (*Id.*) The only contact between the letter of credit transaction and the State of New Jersey is that the Plaintiff, a New Jersey limited liability company, is the named beneficiary of the letter of credit. (*Id.* at 4).

B. **Procedural History**

The Plaintiff commenced this action on February 19, 2009, against the Bank (Count I) and the tenants that allegedly breached the Beach Haven lease (Count II). On May 22, 2009, the

2

Bank filed the instant motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) as well as for improper venue under Fed. R. Civ. P. 12(b)(3). The matter was fully briefed on June 29, 2009.

## II. Discussion

### A. Standard of Review

Defendants seek to transfer this action to the Northern District of Florida. Title 28, United States Code, Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "The purpose of Section 1404(a) is to avoid the waste of time, energy and money, and, in addition, to safeguard litigants, witnesses and the public against avoidable inconvenience and expense." *Tischio v. Bontex, Inc.*, 16 F. Supp.2d 511, 518 (D.N.J. 1998) (*citing Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 479 (D.N.J. 1993); *Am. Tel. & Tel. Co. v. MCI Communications Corp.*, 736 F. Supp. 1294, 1305 (D.N.J. 1990)).

"Whether to transfer a case is generally committed to the discretion of the district courts." *In re United States*, 273 F.3d 380, 387 (3d Cir. 2001); *see also Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973) (under § 1404(a), "the district court is vested with a wide discretion"). However, when determining whether to transfer a matter, the Court should consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Rappoport v. Steven Spielberg, Inc.*, 16 F. Supp. 2d 481, 498 (D.N.J. 1998) (*quoting Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.1995)). "The burden of establishing the need for transfer still

rests with the movant." *Jumara*, 55 F.3d at 879. Although the Third Circuit has not provided a definitive list of factors, the Third Circuit has identified the following factors that may be considered:

> plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum) . . . . the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity.

*Jumara*, 55 F.3d at 879-880 (citations omitted); *see also Foley & Lewis Racing, Inc. v. Burling*, No. 07-972 (JEI), 2008 WL 544655, at *3 n.11 (D.N.J. Feb. 27, 2008) (listing factors). The decision whether to dismiss or transfer an action rests within the sound discretion of the trial court. *Jumara*, 55 F.3d at 883. To transfer an action, it must be shown that the alternative venue is not only adequate, but also more convenient than the current one. *Id.* at 879.

**B.     Application**

Here, all of the facts relevant to the action occurred in Florida. The letter of credit was issued in Florida, the drafts upon the letter of credit were required to be presented in Florida, and the Bank allegedly wrongfully dishonored the letter of credit in Florida. Further, venue is proper in the Northern District of Florida because all defendants reside there. Plaintiff attempts to maintain this action in the District of New Jersey because the lease that underlies the letter of credit was for property located in New Jersey. (Pl.'s Br. at 9). This argument is without merit.

4

The facts in this case involve an alleged breach of a lease of property located in New Jersey. However, the litigation is over a breach of the letter of credit by a Florida bank, which has no nexus to New Jersey.

Given these undisputed facts, it seems clear that the interests of justice, on balance, are best served by litigating this case in the Northern District of Florida. Adjudication of the parties' claims will require detailed review and application of Florida's common law of contracts. Such a detailed review may best be undertaken by the court that sits in and more frequently applies the laws of the State of Florida. Moreover, despite Plaintiffs' arguments to the contrary, this case's connection to New Jersey is negligible, as is the State of New Jersey's interest in its disposition.

## III. Conclusion

The Bank's motion for transfer of venue (Dkt. No. 5) is GRANTED, and the case shall be transferred to the United States District Court for the Northern District of Florida, Panama City Division, under 28 U.S.C. § 1404(a). In light of the venue ruling, the Court need not address the jurisdictional issues. An appropriate form order is filed herewith.

Dated: September 28, 2009

          s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.